## ARKANSAS PUBLIC SERVICE COMMISSION
## *v.* LINCOLN-DESHA TELEPHONE CO., INC.

80-167                                      609 S.W. 2d 20

Supreme Court of Arkansas
Opinion delivered December 8, 1980

*Jeff Broadwater*, for appellant.

*House, Holmes & Jewell,* by: *Edward B. Dillon, Jr.,* and *Mayer, Brown & Platt,* by: *Wayne W. Whalen* and *Scott J. Davis,* for appellee.

JOHN I. PURTLE, Justice. Lincoln-Desha Telephone Company, Inc. filed suit before the Arkansas Public Service Commission for a telephone rate increase in the amount of $120,619. After a hearing the PSC issued an order granting Lincoln-Desha a rate increase of $65,337 per annum. Appellee appealed the order of the PSC to the Pulaski Circuit Court. The circuit court determined that the PSC, by use of a "double leverage" method, had improperly prevented Lincoln-Desha from obtaining a satisfactory rate. The court found that the "double leverage" methodology was in itself arbitrary and discriminatory in violation of the statutes of the State of Arkansas and the Constitutions of the State of Arkansas and the United States. The court ordered the case remanded to the PSC with directions to properly fix and approve Lincoln's return without regard to the double leverage.

On appeal the PSC argues for reversal that the trial court exceeded the scope of jurisdictional review of the Commission's decision to recognize the double leverage concept and the court erred in holding that the Commission's recognition of the double leverage concept was arbitrary, discriminatory and confiscatory. We agree with the contentions of the appellant.

On September 10, 1976, appellee filed an application with the appellant for an annual rate increase in the amount of $120,619. A hearing was held on the application on March 7, 1977, at which time the appellant granted appellee a rate increase of $65,337. The Commission recognized that Continental Telephone Company, Inc. was the parent company and owned all the stock of appellee. The appellant utilized the double leverage system in reaching its decision.

The appellee appealed the order to the Pulaski Circuit Court. In the circuit court it was disclosed that the order of the PSC allowed a 9.77% rate factor on the investments for Lincoln-Desha. Apparently, the PSC utilizes the double leverage method only in cases of a wholly owned subsidiary

such as the appellee. The trial court reversed the PSC solely on the ground that it was improper to use the double leverage concept in figuring the rate of return. The court stated that double leverage as applied in this case was arbitrary and discriminatory and resulted in rates that did not permit appellee to earn a fair rate on its investments and was confiscatory in nature and violated the statutes of the State of Arkansas and the Constitutions of Arkansas and the United States.

Ark. Stat. Ann. § 73-229.1 (b) (Repl. 1979) provides that on appeal to the circuit court the findings of the PSC as to facts, if supported by substantial evidence, shall be conclusive. The review by the circuit court shall not be extended further than whether the Commission's findings are so supported by substantial evidence and whether the Commission has regularly pursued its authority, including a determination of whether the order or decision under review violated any rights of the petitioner under the laws or Constitution of the United States or of the State of Arkansas. The technical rules of evidence do not apply in such cases. Section (d) of this statute provides for an appeal to the supreme court by any party to the circuit court action. The matter will be viewed in the supreme court in a manner applicable to other civil appeals from circuit courts.

The only question to be decided by this court is the validity of the methodology used by the Commission to determine the rate of return. The methodology used by the PSC is termed "double leverage." It has been said that "double leverage is merely an extension of the concept of leverage to a parent-subsidiary corporate relationship." *New England Telephone & Telegraph Co.* v. *Public Utilities Commission*, 390 A. 2d 8 (Me. 1978). Corporations are usually financed partly with debt capital and partly with equity capital. "Leverage" is a financial term used to describe the situation in which a corporation is funded by debt in addition to the equity supplied by the stockholders. A corporation is said to be "leveraged" to the extent that debt is included in its capital structure. The leverage arises from the advantage gained by equity holders through the rental of capital at a lower rate than the return they receive on their equity. Thus, we see that by use of leverage the equity owners are able to earn an over-all rate

of return in excess of the cost of capital. The added earnings above the costs inure to the benefit of the stockholders as they then receive a higher rate of return than if the institution had been financed entirely by equity.

The limited review by the circuit court of a Commission's decision is set out in Ark. Stat. Ann. § 73-229.1 (b) (Repl. 1979) and is partially described as follows:

> ... The findings of the Commission as to the facts, if supported by substantial evidence, shall be conclusive. The review shall not exceed further than to determine whether the Commission's findings are so supported by substantial evidence, and whether the Commission has regularly pursued its authority, including a determination of whether the order or decision under review violated any right of the petitioner under the laws or the Constitution of the United States or of the State of Arkansas. ...

Therefore, it may be seen that the scope of review by the circuit court is very narrow and limited. On the other hand, the discretion of the Commission is very broad. *Hibbs* v. *Public Service Commission*, 251 Ark. 130, 471 S.W. 2d 367 (1971); *Town of Emerson* v. *Ark. Public Service Commission*, 227 Ark. 20, 295 S.W. 2d 778 (1956). As previously stated, the primary concern before this court is whether the methodology used by the Commission resulted in a fair rate of return for appellee. The PSC also must take into consideration the effect the rate of return has on the ratepayers.

The double leverage method is but one of several used by the PSC in determining matters presented to them. It appears that double leverage has been recognized as a valid formula in New York, Iowa, Rhode Island, Maine, Texas, Wisconsin and Minnesota. This court approved the application, by the PSC, of the double leverage method in *Southwestern Bell Telephone Co.* v. *Arkansas Public Service Commission*, 267 Ark. 550, 593 S.W. 2d 434 (1980). In *SWB* v. *PSC* we held that the result reached, not the method employed, controls. Judicial inquiry is concluded if the total effect of the rate order is not unjust, unreasonable, unlawful or dis-

criminatory. *Federal Power Comm'n* v. *Hope Natural Gas Co.*, 320 U.S. 591 (1944).

The PSC acts in a legislative capacity and not in a judicial one. Therefore, we view the orders of the Commission as having the same force as would enactment of the General Assembly. *Bluefield Water Works & Improvement Co.* v. *Public Service Comm'n*, 262 U.S. 679 (1923).

The rate of return as established by the PSC was 9.77%. The testimony indicated if the double leverage theory had not been used in this case the result would have been to allow Continental Telephone Company's common equity holders to realize a return of approximately 16%. We should not be concerned with the methodology used by the Commission in arriving at the result. No public utility has a vested right to any particular method of evaluation. *City of Fort Smith* v. *Southwestern Bell Telephone Co.*, 220 Ark. 70, 247 S.W. 2d 474 (1952).

We believe there was substantial evidence to support the finding of the Commission and the trial court was in error in holding that the double leverage method resulted in discrimination or confiscation of the appellee's property. Therefore, the case is remanded to the trial court with directions to reinstate the order of the Public Service Commission allowing appellee to receive a rate increase of $65,337.

Reversed and remanded.